DONATO
BROWN
POOL &
MOEHLMANN

3200 SOUTHWEST FREEWAY
SUITE 2300
HOUSTON, TEXAS 77027

Ian R. Beliveaux
irb@donatobrown.com
713.403.5416

November 1, 2021

Hon. George C. Hanks, Jr.  *Via E-File*
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION
United States Courthouse
515 Rusk
Houston, Texas   77002

> Re:   Civil Action No. 4:21-CV-01148; *Chelsie Cierra Rubin, et al v. Juan Pedro De La Cruz, et al*; In the United States District Court for the Southern District of Texas – Houston Division.

Dear Judge Hanks:

We represent CP 1601 Baytown, LLC ("CP 1601"), one of the defendants in this matter. In accordance with Section 6B of the Court's Procedures, we are writing to request a pre-motion conference prior to filing CP 1601's FRCP 12(b)(6) Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter relates to the death of Pamela Turner on May 13, 2019, at The Brixton Apartments in Baytown, Harris County, Texas. Plaintiffs asserted causes of action violations of the Fourth and Fourteenth Amendments to the United States Constitution, violation of §1983; violation of the Americans with Disabilities Act, violation of the Rehabilitation Act; violation of the Fair Housing Act, survival claim under Texas common law, and wrongful death under Texas common law. CP 1601 owned the complex during all relevant times.

CP 1601 intends to request dismissal of all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).

## PLAINTIFFS' CLAIMS SHOULD BE DISMISSED

"To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (U.S. 2007). The complaint must state facts that "raise a right to relief above the speculative level," and bring a claim for relief into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. While the facts are viewed in the light most favorable to the plaintiff, they must allege facts that support the elements of the cause of action in order to make out a valid claim. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). In conducting its analysis, the court should only look to the parties' pleadings. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir. 2005).

### Fourth and Fourteenth Amendments and §1983

Plaintiffs' claims for violations of the Fourth and Fourteenth Amendments and §1983 do not survive scrutiny.

To prevail on their causes of action for violations of the Fourth and Fourteenth Amendments and §1983, Plaintiffs must demonstrate CP 1601 (1) deprived Turner of her constitutional rights and (2) acted "under color of state law." *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

As a general principal, private individuals or entities are not considered to act under color of law. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2018). However, a "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004). In order to establish fair attribution, a plaintiff must show:

> (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Id*. A private citizen can be a state actor if they are "involved in a conspiracy or participate in joint activity with state actors." *Ballard*, 413 F.3d at 518.

The Fifth Circuit has pronounced that "[d]eciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which the plaintiff complains.'" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005). Here, Plaintiffs allege CP 1601 (1) failed to maintain policies, practices, and training that met minimum industry standards; (2) maintained policies, practices, and customs that were the moving forces behind Turner's constitutional rights being violated; and (3) failed to implement proper policies and training that were the moving force behind Turner's constitutional rights being violated.

In their Second Amended Complaint, Plaintiffs have not asserted that (1) CP 1601 is a governmental unit or that a governmental unit is responsible for its conduct or (2) CP 1601 is a state actor. Thus, they failed to state a viable claim against CP 1610 for violations of the Fourth or Fourteenth Amendment or §1983.

Furthermore, while they contend de la Cruz was "employed" as a security guard (Docket No. 36, pg. 8, ¶49), the relevant caselaw does not support imposing liability on CP 1601 for his actions, even if he was a security guard. The law on what capacity a law enforcement officer is acting is established. To determine an officer's status when an incident occurs, courts look to "in what capacity was the officer acting at the time he committed the acts for which the complaint was made." *Blackwell v. Harris County*, 909 S.W.2d 135, 129 (Tex.App. – Houston [14th Dist.] 1995, writ denied). If they are performing a public duty, they are acting "in the course and scope of [their] employment as a police officer even if the [private] employer directed him to perform the duty." *Bridges v. Robinson*, 20 S.W.3d 104, 111 (Tex.App. – Houston [14th Dist.] 2000, no pet.).

Furthermore, their Second Amended Complaint establishes de la Cruz was acting in his capacity as a City of Baytown police officer when the incident occurred:

- de la Cruz's "actions or inactions were taken under color of state law." – pg. 2, ¶7;
- de la Cruz intended to place Turner under arrest pursuant to outstanding warrants. – pg. 13, ¶92;
- de la Cruz was charged with Aggravated Assault by a Public Servant. – pg. 21, ¶134;
- de la Cruz, in his capacity as a City of Baytown employee, exercised his discretion to effect an arrest. – pg. 34, ¶223.

Because the factual allegations asserted by Plaintiffs against CP 1601 in their Second Amended Complaint do not "raise a right to relief above the speculative level," and bring a claim for relief into the "realm of plausible liability," their claims for violations of the Fourth and Fourteenth Amendments and §1983 should be dismissed.

Plaintiffs also assert CP 1601 was involved in a conspiracy with de la Cruz to violate Turner's constitutional rights and violate 42 U.S.C. §1983. Not only have Plaintiffs failed to plead the operative facts of the conspiracy, as required by Fifth Circuit precedent, but they also failed to allege a conspiracy to engage in illegal activity. Rather, they assert the conspiracy was for de la Cruz to "harass" Turner (and in a non-official capacity at that) and to execute low-level warrants or evict her from her apartment (pursuant to a valid eviction notice). For these reasons, their claims fail on their face.

### Violations of the Americans with Disabilities Act and Rehabilitation Act

To recover under this cause of action, Plaintiffs must establish (1) Turner was a qualified individual; (2) who was excluded from participation in or denied the benefits of services, programs, or activities because of her disability; and (3) the entity providing the service, program, or activity was a public entity. Plaintiffs seek relief under Title II and Title III of the ADA. As an initial matter, at least one court has held a Title III claim, which only provides for injunctive relief, does not survive the death of the party who was allegedly discriminated against. *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 213 (5th Cir. 1997).

To be entitled to an accommodation, a plaintiff must establish that "but for the accommodation" they would "be denied an equal opportunity to enjoy the housing of [their] choice." *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 2020 WL 1241724 (W.D. Tex. Feb. 18, 2020). Further, there must be "a direct linkage between the proposed accommodation and the 'equal opportunity' to be provided to the handicapped person." *Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL 4359940 (N.D. Tex. Sept. 19, 2011). Making an accommodation does not, however, require changing every rule that would inconvenience a disabled person. Rather, they are entitled to "only accommodations necessary to ameliorate the effect of [their] disability so that they may compete equally with the non-disabled in the housing market." *Smithers v. City of Corpus Christi*, 2008 WL 819069 (S.D. Tex. Mar. 19, 2008).

Plaintiffs do not allege that Turner ever requested an accommodation from CP 1601 or The Brixton Apartments. There is also no indication what sort of accommodation would have been necessary or required under the law. And Plaintiffs provided no indication of what accommodation(s) would have been necessary. Therefore, they failed to plead sufficient facts to maintain this cause of action.

The final necessary element is that a public entity must be involved. The ADA defines a "public place of accommodation" to include an "inn, hotel, motel, or other place of lodging." 42 U.S.C. §12181(7)(A). At least one court in the Houston Division has held a private apartment complex is not a place of public accommodation under the ADA. *Kizzee v. Yale Village Apartments*, 2010 WL 11652033 (S.D. Tex. Sept. 29, 2010). Other courts within the Fifth Circuit have reached the same conclusion. *Felknor v. Tallow Wood Apartments*, 2009 WL 3230607 (W.D. La. Sept. 28, 2009); *No Barriers, Inc. v. BRH Texas GP, LLC*, 2001 WL 896924 (N.D. Tex. Aug. 2, 2001). Because The Brixton Apartments are not a "place of public accommodation, this element cannot be met and the claim should fail.

### Violation of the Fair Housing Act

The final cause of action asserted by Plaintiffs against CP 1601 is for violation of the Fair Housing Act. As with their other claims, Plaintiffs do not clearly articulate how CP 1601 allegedly violated the Fair Housing Act.

The Fair Housing Act provides a private cause of action to any "aggrieved person." *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2004). This includes "any person who … (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. §§3602(i)(1-(2). "[T]he sole requirement for standing under [the FHA] is the Article III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). The "injury in fact" requirement is satisfied if there is a "distinct and palpable injury fairly traceable to the challenged action." *L&F Homes & Dev. Corp., LLC v. City of Gulfport, Miss.*, 538 Fed.Appx. 395, 400 (5th Cir. 2013).

Under the FHA, a landlord cannot refuse "to make reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford [handicapped] person[s] equal opportunity to use and enjoy a dwelling." *City of Edmonds v. Oxford House,*

*Inc.,* 514 U.S. 725, 729, 115 S.Ct. 1776, 131 L.Ed.2d 801 (1995). There is no indication in the First Amended Complaint that Turner ever made a request for accommodations due to a disability.

Because there is no allegation Turner ever requested an accommodation related to her disability or that she was discriminated against due to any disability, Plaintiffs have failed to plead sufficient facts to maintain a claim for violation of the Fair Housing Act.

## CONCLUSION

Based on the foregoing, CP 1601 Baytown, LLC requests permission to file a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

Sincerely,

*/s/ Ian Beliveaux*

Ian R. Beliveaux

## CERTIFICATE OF CONFERENCE

In accordance with Rule 6B of the Court's Procedures, I certify I conferred with Devon Jacob, counsel for Plaintiffs, concerning the contents of this letter. He was unopposed CP 1601 filing the letter, but was opposed to the 12(b)(6) Motion to Dismiss.

_____
Ian R. Beliveaux

## CERTIFICATE OF SERVICE

I certify the foregoing document was filed electronically on November 1, 2021, via the ECF system.

_____
Ian R. Beliveaux